EISNER JAFFE
CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
SARAH F. POWERS (SBN 238184)
spowers@eisnerlaw.com
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendant,
EQUITYKEY REAL ESTATE
INVESTMENTS L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 — FAX (310) 855-3201

| | |
|---|---|
| AARON FOSTER, as an individual and as TRUSTEE OF THE MICHAEL P. FOSTER TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITYKEY REAL ESTATE INVESTMENTS L.P., a California Limited Partnership and ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.<br><br>Santa Clara Superior Court<br>Case No. 16CV302320<br><br>[Assigned for all purposes to the Honorable Beth McGowan]<br><br>**DEFENDANT EQUITYKEY REAL ESTATE INVESTMENTS, L.P.'S NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, 1446, 1367 AND 1452 AND PURSUANT TO COMPLETE DIVERSITY UNDER 28 U.S.C. § 1332; DECLARATION OF JEFFREY NASH**<br><br>Complaint Filed: November 4, 2016<br>EquityKey served: December 7, 2016<br><br>[No Hearing Required] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1446(a), 1452, and 1332, Defendant EquityKey Real Estate Investments, L.P. ("EquityKey") files this Notice of Removal of State Court Action, and states as follows:

## I. BACKGROUND

On November 4, 2016, plaintiff and Washington resident Aaron Foster ("Plaintiff"), individually and as trustee of the Michael P. Foster Trust, filed a Complaint in the California Superior Court for Santa Clara County, Case No. 16CV302320 (the "State Action") against EquityKey, a Delaware limited partnership. The Complaint alleges causes of action for violations of the Truth In Lending Act (a federal statute); rescission for fraud; declaratory relief; elder financial abuse; cancellation of instruments; quiet title; and unfair business practices. True and correct copies of the Complaint, Civil Lawsuit Notice, Summons, and Notice of Service of Process (constituting all pleadings in the State Action) are attached as Exhibits A – D.

Although Plaintiff asserts numerous common law claims and one federal question, the gravamen of the lawsuit arises from that federal question: alleged violations of the federal Truth in Lending Act. The common law claims are simply variations on the same alleged (largely unidentified) misrepresentations—making this case ripe for removal.

Plaintiff's causes of action arise from allegations that Michael Foster entered into an option contract (the "Option Contract") with EquityKey in June 2010. As set forth in the Complaint, Mr. Foster was paid an option payment of $196,000 in exchange for which he granted EquityKey the option to participate in the future appreciation of the residential property owned by Michael Foster and located at 28 Pennsylvania Avenue, Los Gatos, CA 95030 (the "Property"). In other words, Michael Foster was allowed to obtain almost $200,000 without incurring any debt.

Plaintiff admits his father was competent at the time of entering into the Option Contract. Plaintiff does not dispute that Plaintiff was not present at the time the terms were negotiated and discussed, does not dispute that his father benefited from the money provided to him, does not dispute that his father signed all the relevant Option Contract documents, and does not allege that he

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

ever even spoke to his father about the Option Contract. Nevertheless, Plaintiff purports to verify the complaint alleging concealment by EquityKey and misunderstandings by his father. In pertinent part, Plaintiff alleges that the Option Contract was a disguised loan with an excessive effective interest rate and for which the allegedly-required Truth In Lending Act disclosures were not made.

Separate and apart from an anticipated failure of proof, the evidence will show that this was not a loan but an option arrangement allowing EquityKey to purchase the Property in the future or share in the appreciation. The Option Contract: (i) provided no guaranteed return to EquityKey; (ii) had no actual or "effective" (to use Plaintiff's term) interest rate; (iii) did not involve the incurrence of debt by Plaintiff, and (iv) did not involve or require payments by Michael Foster to EquityKey. As a matter of law, there is no basis for a claim for violation of the Truth In Lending Act. Indeed, there is no basis for any of Plaintiff's claims, as each was long ago barred by the applicable statutes of limitation. More importantly for purposes of these papers, Plaintiff's causes of action fall within the ambit of the federal court's jurisdiction, and are therefore appropriate for this removal.

## II. THIS COURT HAS FEDERAL QUESTION JURISDICTION

The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, even a state law claim may be treated as one "arising under" federal law where the vindication of the state-law right necessarily turns on some construction of federal law. *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1033 (N.D. Cal. 2005).

Removal of the State Court action is proper under 28 U.S.C. §§ 1331 and 1441, as it arises under the Constitution and laws of the United States. Specifically, Plaintiff asserts claims for violations of TILA. Notably, the express language of TILA grants this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1640(e) (any TILA action "may be brought in any United States

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

district court . . ."); *Wesch v. Bank of Am.*, No. C 11-06680 SI, 2012 WL 695632, at *4 (N.D. Cal. Mar. 1, 2012) (a complaint expressly alleging a TILA violation is properly removable as falling within federal question jurisdiction). Accordingly, this Court has federal question jurisdiction by virtue of Plaintiff's TILA claim.

This Court also has original jurisdiction over Plaintiff's other state and common law claims, as each is predicated on EquityKey's alleged violation of TILA. Plaintiff's entire Complaint is founded on the premise that if Michael Foster had received TILA disclosures, he would not have entered into the Option Contract, and the Property would not now be encumbered, thus frustrating Plaintiff's efforts to sell it at a large profit. Indeed, Plaintiff argues that the Option Contract's representation that the agreement "is not a loan" is somehow false, and thus Michael Foster was not able "to understand and/or discover the true nature of the arrangement with [EquityKey] and he did not actually understand the arrangement." Complaint at ¶¶ 14, 16. Plaintiff further alleges that the Option Contract was actually "a high cost loan as defined in the Truth in Lending Act" and that "[s]uch a loan required that various specific disclosures be made to the borrower, all as provided in 15 U.S.C. § 1639 and in Reg Z." *Id.* at ¶¶ 42-43. All of Plaintiff's alleged damage stems from the alleged failure by Defendant to provide TILA disclosures. *See, e.g.*, Complaint at ¶ 1 ("The loan was disguised by Defendant as an "option payment" but was, in reality, a very high interest loan secured by a personal residence that was issued without provision of any of the disclosures and/or counseling that would have, and should have been provided if the EquityKey loan had been properly presented as what it actually was, a high cost mortgage.") Accordingly, whether or not the Option Contract is a "high interest loan" mandating TILA disclosures is central to the entire case, no matter how Plaintiff styles the causes of action. Therefore, this Court has federal question jurisdiction.

## III. THIS COURT ALSO HAS SUPPLEMENTAL JURISDICTION

Even if Plaintiff's state law claims were not predicated on the alleged TILA violation (they are), this Court would still have jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). The Supreme Court has instructed that "[s]ection 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah*

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

*Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1167 (N.D. Cal. 2005) (28 U.S.C. § 1367 grants the federal courts jurisdiction to hear state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Units States Constitution.").

It is well established that federal district courts have supplemental jurisdiction over state law claims that share a "common nucleus of operative fact" with federal claims. *Picard v. Bay Area Reg'l Transit Dist.*, 823 F. Supp. 1519, 1526–27 (N.D. Cal. 1993), *quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *Id.* Here, Plaintiff's state law claims share a common nucleus of operative facts with his federal cause of action. Plaintiff's claims are all based on the alleged failure by Defendant to provide disclosures as if the Option Contract were a home mortgage. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claims.

## IV. REMOVAL IS ALSO PROPER BASED ON DIVERSITY OF CITIZENSHIP, PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441

Removal is also proper because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(3); *see* 28 U.S.C. § 1441(a). Plaintiff is a citizen of Washington state. Complaint at § 11. Defendant is a limited partnership whose partners reside in California, Nevada, New York, New Jersey, North Carolina, Arizona, Oregon, and Vermont. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (for purposes of diversity jurisdiction, a limited partnership takes citizenship of each of its partners); *see also* Declaration of Jeffrey Nash at ¶ 2. None of the partners are citizens or residents of the state of Washington. *Id.* Accordingly, the State Action is properly removed based on diversity jurisdiction.[1]

[1] Plaintiff may attempt to argue that the forum defendant rule set forth at 28 U.S.C. § 1441(b)(2) precludes removal based on diversity jurisdiction. That section, however, does not apply where, as here, diversity jurisdiction is not the only basis for removal. 28 U.S.C. 1441(b)(2) ("A civil action otherwise removable ***solely*** on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added). Here, Defendant removes based on federal question jurisdiction, and thus diversity also provides an independent basis for removal.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

## V. ALL REQUIREMENTS FOR REMOVAL OF THE STATE ACTION HAVE BEEN MET AND REMOVAL TO THIS COURT IS PROPER

This lawsuit was filed on November 4, 2016. Defendant received a copy of the initial pleading captioned "Verified Complaint" by process server on December 7, 2016. Accordingly, the removal of the State Action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after December 7, 2016, which is the date Defendant first received the summons and complaint in this action.

The United States District Court for the Northern District of California is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the State Action was filed and is pending. Written notice of the filing of this Notice of Removal and a copy of this Notice of Removal are being served upon the Plaintiff through his counsel of record and will be filed with the State Court.

## VI. ADOPTION AND RESERVATION OF DEFENSES

Nothing in this Notice of Removal constitutes a waiver or relinquishment of the Defendant's right to maintain or assert any cross-claims, affirmative defenses or other challenges in this matter.

**WHEREFORE**, Defendant hereby removes this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1446(a), 1452, and 1332.

Dated: January 5, 2017

Respectfully submitted,
EISNER JAFFE

By: [signature]
ara F. Powers
Attorneys for Defendant
EQUITYKEY REAL ESTATE INVESTMENTS L.P.

EISNER JAFFE
9601 WILSHIRE BOULEVARD SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

## DECLARATION OF JEFFREY NASH

1. I, Jeffrey Nash, am the Managing Director of EquityKey Real Estate Investments L.P., the defendant in this matter ("EquityKey"). I am over 18 years old. I have personal knowledge of the matters stated in this Declaration, and if necessary, could and would testify competently to the same. I make this declaration in support of EquityKey's Notice of Removal of State Court Action Pursuant to 28 U.S.C. §§ 1331, 1441, 1446, 1367 and 1452 and Pursuant to Complete Diversity Jurisdiction Under 28 U.S.C. § 1332.

2. Along with one other individual, I developed the EquityKey real estate option concept in 2005. I was also responsible for seeking and obtaining partners to form the EquityKey partnership. In my position as Managing Director, I am responsible for day-to-day management of EquityKey's business ventures.

3. I am aware of the residences/citizenships of each of EquityKey's general and limited partners. The partners of EquityKey reside in California, Nevada, New York, New Jersey, North Carolina, Arizona, Oregon, and Vermont, respectively. None of EquityKey's partners is a resident or citizen of Washington state.

I declare under penalty of perjury and pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of January, 2017.

[signature]

Jeffrey Nash

# EXHIBIT A

DANIEL J. MULLIGAN [103129]
JENKINS MULLIGAN & GABRIEL LLP
10085 Carroll Canyon Road, Ste. 210
San Diego, CA 92131
Telephone: (415) 982-8500
Facsimile: (415) 982-8515
Email: dan@jmglawoffices.com

WILLIAM J. PURDY [96027]
PAMELA D. SIMMONS [160523]
LAW OFFICE OF SIMMONS & PURDY
2425 Porter Street, Ste. 10
Soquel, CA 95073
Telephone: (831) 464-6884
Facsimile: (831) 464-6886

Attorneys for Plaintiff Aaron Foster, Trustee of the Michael P. Foster Trust

ENDORSED FILED

2016 NOV -4 A 11:15

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SANTA CLARA

AARON FOSTER, as an individual and as TRUSTEE OF THE MICHAEL P. FOSTER TRUST,

Plaintiff,

v.

EQUITYKEY REAL ESTATE INVESTMENTS L.P., A California Limited Partnership and ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO, and DOES 1 through 100 inclusive,

Defendants.

Case No. 16CV302320

**VERIFIED COMPLAINT FOR:**

1. Rescission For Fraud
2. Declaratory Relief
3. Elder Financial Abuse
4. Cancellation of Instruments
5. Quiet Title
6. Violations of Truth In Lending Act
7. Unfair Business Practices

DEMAND FOR JURY TRIAL

Plaintiff Aaron Foster brings this action against Defendants, EQUITYKEY REAL ESTATE INVESTMENTS L.P., A California Limited Partnership ("Defendant or "EquityKey"), all others claiming any interest in the property at issue, and DOES 1 through 100 inclusive and alleges as follows:

1. Plaintiff brings this action to challenge the fraudulent, deceptive and harmful conduct of Defendant in arranging a disguised loan with Plaintiff's elderly father. The loan was disguised by Defendant as an "option payment" but was, in reality, a very high interest loan secured by a personal residence that was issued without provision of any of the disclosures and/or counseling that would have, and should have been provided if the EquityKey loan had been properly presented as what it actually was, a high cost mortgage.

2. Plaintiff's father, (hereinafter referred to as Michael P. Foster or Mr. Foster.) passed away earlier this year. Plaintiff is Mr. Foster's son, one of his heirs, and the designated Trustee of the Michael P. Foster Trust (hereinafter referred to as "Trust"). The Trust wishes to sell the property at issue. The property was Michael P. Foster's residence for many years. However, Plaintiff is unable to sell the property because of an existing pseudo-deed of trust recorded by EquityKey, which clouds title on the property. Plaintiff is informed and believes, and on that basis alleges, that EquityKey demands approximately $705,000.00 to remove this lien. Plaintiff disputes that any money is owed to Defendant, but Plaintiff is unable to sell the property without removing the lien.

3. Treating the payment from EquityKey to Mr. Foster -- $196,000 in June 2010 -- as what it actually was, a high cost loan, the effective interest rate now in place pursuant to EquityKey's contract is in excess of 25% (twenty-five percent) per annum.

4. By this action, Plaintiff seeks to rescind the agreement between his father, the Trust and Defendant, repay the full amount loaned to his father by Defendant and remove the cloud on title created by EquityKey.

//

//

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties in that the real property at issue is in this county, the defendant is doing business in this county and the acts complained of occurred in this county.

6. The amount in controversy exceeds the minimum jurisdiction of this court.

## III. PARTIES

7. Plaintiff Aaron Foster is an individual and one of the heirs of Michael P. Foster. He is also the Trustee of the Michael P. Foster Trust and brings this action in that capacity as well.

8. Defendant EQUITYKEY REAL ESTATE INVESTMENTS L.P., is a California Limited Partnership with offices in San Diego, California, and is doing business throughout the State of California. EquityKey is primarily engaged in arranging a type of disguised high cost mortgage loan for seniors, whereby such loans are secured by the borrowers' residences.

9. Plaintiff is ignorant of the names and capacity of Defendants herein sued as any entity or person with any claimed interest in the property at issue and DOES 1-100 inclusive, and therefore sues these Defendants by such fictitious names. When the true names and capacities of these Defendants become known, Plaintiff will amend this Complaint to include their true names and capacities and, if necessary, will seek leave to amend to add additional allegations against them. Plaintiff is informed and believes, and so alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in the Complaint, and that Plaintiff's damages were proximately caused by their conduct.

10. At all times mentioned herein, each defendant acted as an authorized agent, employee or other representative of each other defendant. Each act of each defendant complained of herein was committed within the scope of said agency, employment or other representation, and/or each act was ratified by each other defendant. Each defendant is liable, in whole or in part, for the damages and injuries Plaintiff suffered.

//

//

## IV. STATEMENT OF FACTS

11. Plaintiff is a resident of the State of Washington and the son of Michael P. Foster, deceased. He is the Trustee of the Michael P. Foster Trust, the record owner of the real property at issue here, commonly known as 28 Pennsylvania Avenue, Los Gatos, CA 95030 ("the property"). A full description of the property is attached hereto as Exhibit C and incorporated by reference.

12. In 2010, Michael P. Foster was in his early seventies. While still competent, he was taking prescription pain medicines, did not have any close advisors and was living alone in the property which was his principal residence. The prior year, a tree had crashed through the garage on the property, damaging an old vehicle that Mr. Foster loved. As a result, he sought funds to restore the vehicle, even though it meant little economic sense to do so. He was referred to EquityKey by one Ted Wallace, an acquaintance.

13. In June, 2010, Michael Foster entered into a contract with EquityKey. The contract was drafted by EquityKey and was not reviewed by any of Mr. Foster's advisors or family. A true and correct copy of the contract is attached hereto as Exhibit A and incorporated by reference.

14. The contract, on its face, states that Mr. Foster is being paid an "option payment" of $196,000 in exchange for which he granted EquityKey the right to 100% (one hundred percent) of *any* appreciation in the property after the date of the contract, for up to fifty years. The contract was secured by what EquityKey describes as a "Performance Deed of Trust" (hereinafter the "Deed of Trust") which was recorded. A true and correct copy of the Deed of Trust is attached hereto as Exhibit B and incorporated by reference. The contract expressly represents, at paragraph 26, that the arrangement is not a loan. For reasons now unknown, EquityKey required Mr. Foster to confirm the arrangement in a "Memorandum of Option" dated March 20, 2012, a copy of which is attached hereto as Exhibit D and incorporated by reference. This Memorandum of Option was recorded by EquityKey. The document repeats the false statement that the arrangement was an option payment and expressly repeats, at paragraph 5, the false statement that it "is not a loan".

15. Mr. Foster died at age 78 on January 30, 2016. Plaintiff became the executor of the estate and the Trustee of the Michael P. Foster Trust on that date by express operation of the Trust Instrument. Only when going through his father's records did he discover the EquityKey arrangement.

16. Due to Michael Foster's age and the complexity of the contract, as well as EquityKey's deliberate effort to hide the nature of the transaction, Plaintiff is informed and believes and on that basis alleges that it was not possible for Michael Foster to understand and/or discover the true nature of the agreement with EquityKey and he did not actually understand the arrangement. In fact, Mr. Foster repeatedly stated at the time that he had made a deal for essentially "free money" and believed he could not be forced from the home at any time or for any reason. It was not until after his death that Plaintiff was able, with the assistance of counsel, to discover the exact nature and terms of the EquityKey agreement.

17. Under the express terms of the EquityKey agreement, if Plaintiff arranges the sale of the property at this moment, the amount due to EquityKey in order to release its lien is approximately $ 705,000.00. The effective interest rate on the loan from EquityKey would be in excess of 25% (twenty-five percent) per annum.

## V. CLAIMS

### FIRST CAUSE OF ACTION
### RESCISSION FOR FRAUD IN THE FACTUM
### (Against All Defendants)

18. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

19. Michael Foster entered into the agreement with Equitykey based upon the representations made by Defendant with respect to the type of financing transaction that was being created. Defendant's representations were false and deliberately misleading. The representations were made orally to Mr. Foster and included in the contract with EquityKey, a copy of which is attached as Exhibit A and incorporated by reference.

20. EquityKey represented that the transaction was an option contract. In fact there was no "option", the transaction was simply a disguised form of a high cost mortgage. Mr.

Foster was thus lead to believe that if he lived long enough he would be greatly advantaged by the agreement. To outlive the grip of this contract of adhesion, Michael P. Foster would have had to live to be at least 120 years of age. The so-called "advantages" for Mr. Foster were not true. But Mr. Foster, given his age and mental status, reasonably believed the representations of EquityKey.

21. In signing Exhibit A, Mr. Foster was not aware of the true nature of the transaction due to Defendant's intentional efforts to hide the actual nature and reality of the deal. Given that, no meeting of the minds ever occurred and no true contract was ever formed. These efforts to hide the true nature of the transaction were then repeated by EquityKey in the Memorandum of Option, Exhibit D.

22. Wherefore, Plaintiff asks that the contract be rescinded, the Deed of Trust be rescinded and/or reconveyed and Plaintiff be allowed to sell the property free of Defendant's lien and then repay Defendant the full amount that it loaned Mr. Foster from the proceeds of the property sale.

**SECOND CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(Against All Defendants)**

23. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

24. Plaintiff, by virtue of his status as heir and trustee, has an interest in the EquityKey contract with Michael Foster. The contract is in writing and affects an interest in real property.

25. An actual controversy now exists between Plaintiff and Defendant over the validity of the contract and the nature of the lien imposed under the terms of the contract. Plaintiff seeks a declaration of his rights or duties with respect to EquityKey.

26. Therefore, Plaintiff asks that the contract be rescinded, the Deed of Trust be rescinded and/or reconveyed, effective as of June 10, 2010, and he be allowed to sell the property free of Defendant's lien and thereafter repay Defendant the full amount that it loaned Michael Foster from the proceeds of the property sale.

**THIRD CAUSE OF ACTION**
**ELDER FINANCIAL ABUSE**
**(Against All Defendants)**

27. Plaintiff incorporates by reference the preceding paragraphs.

28. Michael P. Foster was an elder adult as defined in California Welfare and Institutions Code Section 15610.27. Financial elder abuse "occurs when a person or entity" "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder ... for a wrongful use or with intent to defraud, or both. (Welf. & Inst. Code, §15610.30, subd. (a)(1)) A person "takes, secretes, appropriates, obtains, or retains real or personal property when an elder ... is deprived of any property right, including by means of an agreement, donative transfer, or testamentary bequest, regardless of whether the property is held directly or by a representative of an elder ...." (Welf. & Inst. Code, § 15610.30, subd. (c)) A representative of an elder is a "conservator, trustee, or other representative of the estate of an elder ...." (Welf. & Inst. Code, § 15610.30, subd. (d)(1).)

29. Michael Foster, at the time he executed Exhibit A, was an elder as defined in the above quoted statute. Plaintiff is his representative. Defendant EquityKey committed elder financial abuse, as defined above, by obtaining and retaining an interest in real property with an intent to defraud.

30. Wherefore, Plaintiff prays for rescission, actual damages and punitive or exemplary damages, including treble damages as provided by statute.

**FOURTH CAUSE OF ACTION**
**CANCELLATION OF INSTRUMENTS**
**(Against All Defendants)**

31. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

As set forth above, due to EquityKey's deliberate deception as to the nature of Exhibit A, Michael Foster did not and could not truly understand the nature of the entire transaction, including the fact that title was to be clouded by the imposition of a type of deed of trust.

32. For these reasons, Plaintiff asks that the Deed of Trust be cancelled as void pursuant to Civil Code § 3412, which provides that: 'A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled.'

33. Plaintiff hereby offers to repay all amounts actually provided by Defendant to Michael Foster from the proceeds of the sale of the property.

34. Wherefore, Plaintiff asks that the contract be rescinded, the Deed of Trust be rescinded and he be allowed to sell the property free of Defendant's lien and repay Defendant the full amount that it loaned to Mr. Foster from the proceeds of the property sale.

## FIFTH CAUSE OF ACTION
## QUIET TITLE
## (Against All Defendants)

35. The property at issue here is commonly known as 28 Pennsylvania Avenue, Los Gatos, CA 95030. It is more particularly described in Exhibit C hereto, which is incorporated by reference.

36. Plaintiff has an interest in the property as an heir of Michael P. Foster and as trustee of the Michael P. Foster trust. As trustee, Plaintiff is the record owner of the property.

37. Defendant claims an interest in the property by virtue of the Deed of Trust, a copy of which is attached as Exhibit B and incorporated by reference. Defendant's claimed interest is adverse to Plaintiff.

38. Plaintiff seeks a determination that Defendant has no interest in the property as of the date of the execution of Exhibit A hereto, June 10, 2010.

39. Wherefore Plaintiff prays that title be determined in his favor and quieted as of June 10, 2010.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF TRUTH IN LENDING ACT (HOEPA)
## (Against All Defendants)

40. Plaintiff incorporates the preceding paragraphs as though set forth in full.

41. The arrangement with EquityKey was, in reality, a loan. Further, it was an extension of consumer credit secured by the borrowers residence, as defined in 15 U.S.C. § 1602. EquityKey is a creditor as defined in 15 U.S.C. § 1602(g). The transaction was thus subject to the provisions of the Truth In Lending Act, 15 U.S.C. § 1601, et. seq.

42. The loan was also a high cost loan as defined in the Truth In Lending Act, as the rate of interest exceeds the maximum set by 15 U.S.C. § 1602(aa) [for loans made prior to July 21, 2010].

43. Such a loan required that various specific disclosures be made to the borrower, all as provided in 15 US.C. § 1639 and in Reg. Z. None of the disclosures were made to Mr. Foster.

44. Further, due to Defendants active concealment of the nature of the transaction, the statute of limitations for bringing a claim never began to run until Plaintiff discovered the true nature of the transaction.

45. Wherefore, Plaintiff prays for rescission and damages as well as attorney fees and costs, all as provided by statute.

**SEVENTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Against All Defendants)**

46. California's unfair business practices act, B & P Code Section 17200, et. seq., prohibits any unlawful, fraudulent or unfair business practice.

47. Defendants' acts and practices as described herein constitute unlawful, fraudulent, and unfair business practices in violation of Sections 17200, et. seq. of the Business & Professions Code, which prohibits any unlawful, fraudulent or unfair business practice.

48. Defendant's conduct is: (1) unlawful as it violates the common law and the statutes set forth above; (2) fraudulent in that Defendants' conduct in setting forth the loan terms is likely to deceive the general public; and, (3) unfair in that any justification or benefit from Defendants' outrageous conduct is outweighed by the gravity of the consequences to Plaintiffs and the people of the State of California.

49. Wherefore, Plaintiffs are entitled to declaratory and injunctive relief.

//

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

1. For judgment in favor of Plaintiff and against Defendants on all claims;
2. For actual damages according to proof;
3. For exemplary and punitive damages;
4. For an award to Plaintiffs of the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees, costs and expenses;
5. For an Order Quieting Title; and
6. For all other relief at law or in equity that Plaintiffs are entitled to that this Court deems just and proper.

Dated: October 28, 2016

Respectfully submitted,

JENKINS MULLIGAN & GABRIEL LLP

LAW OFFICES OF SIMMMONS & PURDY

By: ______________________
PAMELA D. SIMMONS
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury of each and every claim so triable.

Dated: October 28, 2016

By: ______________________
PAMELA D. SIMMONS
Attorney for Plaintiff

## VERIFICATION

I, Aaron Foster, declare:

I am the Trustee of the Michael P. Foster Trust, the Plaintiff herein, and I am a Plaintiff as an individual.

I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on 10/28, 2016, at Everett, State of Washington.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Aaron Foster TTE Michael P. Foster Trust.
Aaron Foster

# EXHIBIT A

# EXHIBIT B

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: 16CV302320

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*,
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

*Your Case Management Judge is:* Beth McGowen *Department:* 07

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

*Date:* FEB 28 2017 *Time:* 3:00pm in Department: 07

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

*Date:* ________ *Time:* ________ in Department: ________

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:

- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

The parties have complex facts to review
The case involves multiple parties and problems
The courthouse surroundings would be helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

# EXHIBIT C

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED FILED

2016 NOV -4 A 11:14

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
EQUITYKEY REAL ESTATE INVESTMENTS L.P., a California Limited Partnership

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
AARON FOSTER, as an individual and as TRUSTEE OF THE MICHAEL P. FOSTER TRUST

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Santa Clara
191 N. First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* 16CV302320

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel J. Mulligan, Esq., 10085 Carroll Canyon Rd., S-210, San Diego, CA 92131, 415/982-8500

DATE: *(Fecha)* NOV 04 2016 Clerk, by *(Secretario)* ______________ , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: EQUITYKEY REAL ESTATE INVESTMENTS L.P.

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☑ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# EXHIBIT D

CORPORATION SERVICE COMPANY

/ ALL
(PDM: USCL) (SDM: UNDEFINED)
**Transmittal Number: 15965767**
**Date Processed: 12/09/2016**

# Notice of Service of Process

**Primary Contact:** Kamyar Karamshahi
Centara Entities
PO Box 911069
San Diego, CA 92191

| | |
|---|---|
| **Entity:** | Equitykey Real Estate Investments, LP<br>Entity ID Number 3414002 |
| **Entity Served:** | Equitykey Real Estate Investments L.P. |
| **Title of Action:** | Aaron Foster vs. EquityKey Real Estate Investments L.P. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | Santa Clara County Superior Court , California |
| **Case/Reference No:** | 16CV302320 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/07/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information :** | Daniel J. Mulligan<br>415-982-8500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC.**
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscglobal.com

Doc.ID:21925328

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**PROOF OF SERVICE**

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Eisner Jaffe, 9601 Wilshire Boulevard, Suite 700, Beverly Hills, California 90210.

On, January 6, 2017, I served a copy of the foregoing document described as: **DEFENDANT EQUITYKEY REAL ESTATE INVESTMENTS L.P.'S NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1446, 1367 AND 1452 AND PURSUANT TO COMPLETE DIVERSITY UNDER 28 U.S.C. § 1332** on the interested parties in this action addressed as follows:

| | |
|---|---|
| DANIEL J. MULLIGAN<br>JENKINS MULLIGAN & GABRIEL LLP<br>10085 Carroll Canyon Road, Ste. 210<br>San Diego, CA 92131<br><br>*Attorneys for Plaintiff Aaron Foster, Trustee of the Michael P. Foster Trust* | WILLIAM J. PURDY<br>PAMELA D. SIMMONS<br>LAW OFFICE OF SIMMONS & PURDY<br>2425 Porter Street, Ste. 10<br>Soquel, CA 95073<br>*Attorneys for Plaintiff Aaron Foster, Trustee of the Michael P. Foster Trust* |

☒ **BY MAIL** (CCP §1013(a) and (b)): I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. Postal Service on the same day this declaration was executed, with postage thereon fully prepaid at 9601 Wilshire Boulevard, Suite 700, Beverly Hills, California 90210, in the ordinary course of business.

☐ **BY PERSONAL SERVICE** (CCP §1011): I caused for such documents to be personally delivered via our attorney service, First Legal, on this day by hand to the addressee(s) as stated above.

☐ **BY ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on **January 6, 2017,** at Beverly Hills, California.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**SILVIA CERNA** ______________________
*Print name* *Signature*