EISNER JAFFE
CHRISTOPHER FROST (SBN 200336)
cfrost@eisnerlaw.com
SARAH F. POWERS (SBN 238184)
spowers@eisnerlaw.com
9601 Wilshire Boulevard, Suite 700
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendant,
EQUITYKEY REAL ESTATE
INVESTMENTS L.P.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| AARON FOSTER, as an individual and as TRUSTEE OF THE MICHAEL P. FOSTER TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>EQUITYKEY REAL ESTATE INVESTMENTS L.P., a California Limited Partnership and ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 5-17-cv-00067-HRL<br><br>Removed From:<br>Santa Clara Superior Court<br>Case No. 16CV302320<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**<br><br>Hrng Date: February 21, 2017<br>Hrng Time: 10:00 a.m.<br>Hrng Ctroom: 2 (5th Floor)<br><br>Complaint Filed: November 4, 2016<br>EquityKey served: December 7, 2016<br>Case Removed: January 6, 2016<br>Trial Date: None Set |

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. FACTUAL ALLEGATIONS ..... 3

III. LEGAL STANDARD ..... 5

IV. ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION ..... 5

A. Plaintiff's Claim for "Rescission for Fraud" Is Time-Barred ..... 6

B. Plaintiff's Claim for Violations of The Truth in Lending Act Is Time-Barred ..... 7

C. Because the Applicable Statutes of Limitation Bar Plaintiff's Fraud and TILA Claims, Plaintiff's Other Claims Fail as Well ..... 8

V. ALL OF PLAINTIFF'S CLAIMS FAIL ON SUBSTANTIVE GROUNDS AS WELL ..... 9

A. As a Matter of Law, the Contract is not a Loan Covered by TILA and Regulation Z ..... 10

B. EquityKey Provided Disclosures Consistent with TILA Requirements ..... 12

C. Because Plaintiff's TILA Claim Fails Substantively, Plaintiff Cannot Plead Any of His Other Claims ..... 13

VI. CONCLUSION ..... 13

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937 (2009) .......... 5

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir.1990) .......... 5

*Beach v. Ocwen Federal Bank*,
523 U.S. 410 (1998) .......... 7

*Bonin v. Calderon*,
59 F.3d 815 (9th Cir. 1995) .......... 5

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir.1994) .......... 5

*Davenport v. Litton Loan Servicing, LP*,
725 F.Supp.2d 862 (N.D.Cal.2010) .......... 6

*Finuliar v. BAC Home Loans Servicing, L.P.*,
No. C-11-02629 JCS, 2011 WL 4405659 (N.D. Cal. Sept. 21, 2011) .......... 8

*Ford Motor Credit Co. v. Milhollin*,
444 U.S. 555 (1980) .......... 10

*Giordano v. Wachovia Mortg., FSB*,
No. C 10–04661 JF, 2011 WL 1130523 (N.D.Cal. Mar.25, 2011) .......... 9

*Hague v. Wells Fargo Bank, N.A.*,
No. C 11 02366 THE, 2012 WL 1029668 (N.D.Cal., March 26, 2012) .......... 6

*Hensley v. United States*,
531 F.3d 1052 (9th Cir.2008) .......... 7, 8

*King v. California*,
784 F.2d 910 (9th Cir. 1986) .......... 7

*Miguel v. Country Funding Corp.*,
309 F.3d 1161 (9th Cir. 2002) .......... 7

*Navarez v. Wells Fargo, N.A.*,
No. C–12–1660 JCS, 2012 WL 2428233 (N.D. Cal. June 26, 2012) .......... 6

*Perez v. Wells Fargo Bank, N.A.*,
No. C-11-02279 JCS, 2011 WL 3809808 (N.D. Cal. Aug. 29, 2011) ....... 6, 8

*Rivera v. BAC Home Loans Servicing, L.P.*,
756 F. Supp. 2d 1193 (N.D. Cal. 2010)....... 7

*Tellabs v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ....... 5

*Valdez v. America's Wholesale Lender*,
No. C09–02778JF, 2009 WL 5114305 (N.D.Cal., Dec.18, 2009) (Fogel, J.)....... 8

*Washington v. Lowe's HIW Inc.*,
75 F. Supp. 3d 1240 (N.D. Cal. 2014)....... 5

**Statutes**

15 U.S.C. 1601, *et seq*. ....... 10

15 U.S.C. § 1602 ....... 12

15 U.S.C. § 1602(g)....... 2, 11

15 U.S.C. § 1635(f) ....... 7

15 U.S.C. § 1640(e)....... 7

Business & Professions Code Section 17200 et seq....... 4

CAL. CIV. PROC. CODE § 337(3)....... 6

Fed.R.Civ.P. 12(b)(6) ....... 5

TILA ....... *passim*

Truth in Lending Act ....... 1, 4, 7, 9, 10

WELF. & INST.CODE § 15657.7....... 9

**Other Authorities**

12 CFR § 226.1(e) ....... 10

12 CFR § 226.2(a)(14) ....... 10

12 CFR § 226.2(a)(14)-1 Commentary ....... 10, 11

12 CFR § 226.18....... 12

*Black's Law Dictionary, Second Pocket Edition*, page 504 ....... 11

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on February 21, 2017, at 10:00 a.m., in Courtroom 2 (5th floor) of the United States District Court for the Northern District of California, San Jose Courthouse, located at 280 South 1st Street, San Jose, California, 95113, Defendant EquityKey Real Estate Investments, L.P. ("EquityKey") will and hereby does move to dismiss Plaintiff Aaron Foster's ("Plaintiff") first cause of action for rescission for fraud, second cause of action for declaratory relief, third cause of action for elder financial abuse, fourth cause of action for cancellation of instruments, fifth cause of action for quiet title, sixth cause of action for violations of Truth in Lending Act, and seventh cause of action for unfair business practices. EquityKey moves to dismiss all seven causes of action on the grounds that as a matter of law, Plaintiff cannot state claims for which relief can be granted. Because Plaintiff cannot cure the legal defects in his claim, leave to amend should be denied.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing on this Motion.

Dated: January 13, 2016

Respectfully submitted,
EISNER JAFFE

By: /s/ Sarah F. Powers
Sarah F. Powers
Attorneys for Defendant
EQUITYKEY REAL ESTATE INVESTMENTS L.P.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Aaron Foster brought this lawsuit alleging, generally speaking, that his now-deceased father, Michael P. Foster ("Mr. Foster"), unwittingly entered into a transaction (the "Contract") that encumbered his personal residence. Specifically, Plaintiff alleges that Mr. Foster was paid an option payment of $196,000 in exchange for which he granted Defendant EquityKey Real Estate Investments L.P. ("EquityKey") the option to participate in the future appreciation of the real property located at 28 Pennsylvania Avenue, Los Gatos, CA 95030 (the "Property"). In other words, Mr. Foster was allowed to obtain almost $200,000 without incurring any debt. Nevertheless, despite admitting that Mr. Foster never discussed the transaction with Plaintiff, Plaintiff purports to verify his complaint alleging misrepresentations and concealment by Defendant EquityKey Real Estate Investments L.P. ("EquityKey") and misunderstandings by his father. In pertinent part, Plaintiff alleges that the Contract was a disguised loan with an excessive effective interest rate, and thus Mr. Foster should have been provided with disclosures required under the Truth in Lending Act ("TILA"). According to Plaintiff, because such disclosures were not provided, Mr. Foster could not have understood and did not understand the true nature of the transaction. Plaintiff's own admissions, however, as well as the transaction documents attached to and incorporated in the Complaint, establish that Plaintiff has failed to (and cannot) adequately plead any of his claims.

In the first place, all of Plaintiff's claims are time-barred. Each cause of action is predicated upon Plaintiff's allegation that the Contract should have been presented to Mr. Foster as a "high-cost loan" under TILA, and that EquityKey's representations that the transaction was "not a loan" was therefore fraudulent. The statutes of limitation for both fraud and TILA claims expired many years ago. Plaintiff attempts to invoke the discovery rule by pleading that EquityKey deliberately attempted to hide the nature of the transaction. But the United States Supreme Court has ruled that equitable tolling is not applicable to TILA's three-year statute of limitations for rescission. Moreover, equitable tolling is not available as to TILA's one-year statute of limitations for damages or as to common law fraud where the alleged inaccuracy in the disclosure appears on the face of the transaction documents.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

Here, Plaintiff's entire argument with the transaction reflected in the Contract appears to be that Mr. Foster was told, and the Contract states, that the transaction was an "option contract" and was "not a loan." But Plaintiff admits that the Contract is clear, "on its face," that Mr. Foster would receive a lump sum upfront payment in exchange for which EquityKey received the right to 100% of any appreciation in the property after the date of the Contract. Plaintiff further admits that all the representations made to Mr. Foster regarding the nature of the transaction were included in the Contract and supporting documents. Plaintiff makes no allegation that Mr. Foster was prevented from reading, or did not read, the plain language of the Contract documents. On the contrary, Plaintiff admits that Mr. Foster was "still competent" and entered into the Contract because he wanted funds to restore "an old vehicle that Mr. Foster loved." Accordingly, by Plaintiff's own admission, the entire Complaint is time-barred and must be dismissed.

Even beyond the statute of limitations issues, dismissal is still appropriate because TILA does not apply to the transaction—an issue that can be decided as a matter of law. Because Mr. Foster was not required to make any payments to EquityKey, EquityKey is not a "creditor" pursuant to 15 U.S.C. § 1602(g). Neither does the Contract constitute an extension of consumer credit. EquityKey could not have disclosed any "interest rate" on the transaction for the plain reason that the Contract does not reflect a "loan" but merely a sale of the right to any appreciation in the value of the subject property. EquityKey could not have known ahead of time whether it would benefit at all from the transaction, or by how much. Thus, Plaintiff's attempt to calculate a purported interest rate in hindsight based on current values is both improper and tautological.

Without the TILA claim, all of Plaintiff's causes of action fail. All of Plaintiff's claims are based on the theory that EquityKey's "not a loan" representations were legally false, and had TILA disclosures been provided, Mr. Foster would not have entered into the Contract. But because TILA disclosures were not required, Plaintiff's attack on the validity of the Contract fails at the outset, as do all of his claims.

As explained more fully below, this Motion should be granted. Because the face of the Complaint reveals that amendment would be futile, leave to amend should be denied, and the Complaint dismissed with prejudice.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

## II. FACTUAL ALLEGATIONS

EquityKey accepts the allegations in the Complaint to be true for purposes of this Motion. Even doing so, the pleading itself fails to state any claim.

Plaintiff alleges that his father, Mr. Foster, executed the Contract in June 2010. Complaint at ¶ 13. Indeed, the integrated Contract, which is attached to the Complaint as Exhibit A and incorporated by reference, establishes that Mr. Foster agreed, on June 10, 2010, to sell his right to any future appreciation in the Property for an "Option Premium" of $196,000. *Id.* at Ex. A ¶ 1. The Contract further provides that Mr. Foster was not responsible for making any payment to EquityKey at any time. *Id.*, generally. Rather, any recovery by EquityKey is to take place only at the time of sale of the Property. *Id.* at ¶¶ 2-3. If the Contract is breached or the Property is sold within 10 years of execution of the Contract, EquityKey has the option of recovering either the amount of the appreciation or an Early Termination fee, whichever is greater. *Id.* at ¶¶ 4, 11. After 10 years, EquityKey is entitled to recovery of the appreciation only, pursuant to the calculation set forth in Paragraph 5 of the Contract. That paragraph provides an example, using actual numbers, of how the appreciation will be calculated, and includes a simple formula to permit anyone to calculate the amount of appreciation using any current property value. *Id.* at ¶ 5.

The Contract expressly warns:

> You understand and agree that as a result of your sale of the Option to us, we have the right to participate in the Appreciation of the Property in accordance with the terms of this Agreement. This may result in you (including your heirs, estate, beneficiaries and legal representatives) receiving less from your Property in a sale or other Property Transfer than if you did not enter into this Agreement. We recommend you thoroughly discuss this transaction with your heirs and beneficiaries, as well as your legal, tax and financial advisors to make certain you, and those who may be affected by this transaction, understand and are comfortable being bound by this Agreement. *Id.* at ¶ 4.

In addition, immediately prior to the signature line, the Contract includes the following cautionary language:

> **IMPORTANT: DO NOT SIGN THIS AGREEMENT UNLESS YOU HAVE READ IT IN ITS ENTIRETY. IF YOU DO NOT UNDERSTAND OR ARE UNCOMFORTABLE WITH ANY PART OF THIS AGREEMENT, DO NOT SIGN IT. YOU HAVE THE RIGHT AND ARE ENCOURAGED TO SEEK LEGAL COUNSEL AND FINANCIAL ADVICE BEFORE ENTERING INTO THIS AGREEMENT. YOU ARE ALSO ENCOURAGED TO DISCUSS THIS**

> **AGREEMENT WITH YOUR INTERESTED PARTIES. BY SIGNING BELOW, YOU ACKNOWLEGDE AND CONFIRM THAT YOU HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THIS AGREEMENT.** *Id.* at ¶ 31 (emphasis in original).

The Contract also provides for a three-business day "cooling off" rescission period (*id.*) and states that in connection with the option, Mr. Foster authorized EquityKey to record a Memorandum of Option and Performance Deed of Trust securing his obligations under the Contract. *Id.* at ¶ 14. The Contract states in plain language "The Performance Deed of Trust is a lien on the Property and is intended to secure the performance of your obligations and our rights under this Agreement." *Id.* Mr. Foster signed both the Memorandum of Option and the Performance Deed of Trust commensurate with his execution of the Contract. Complaint at Exhs. B & D.

Despite the clear language of the Contract and supporting documents, Plaintiff alleges on information and belief that, because his father was 72 years old at the time of execution and EquityKey attempted to "hide the nature of the transaction" by stating that the transaction was "not a loan," it was not possible for Michael Foster to understand and/or discover the true nature of the agreement with EquityKey and he did not actually understand the arrangement." Complaint at ¶ 16. The sole factual support for this remarkable conclusion is an allegation that Mr. Foster stated at the time of the transaction that he had made a deal for "essentially 'free money' and believed he could not be forced from the home at any time or for any reason." *Id.* Clearly anyone would understand they were not receiving "free money" (especially one whose competence has now been conceded), but Mr. Foster's understanding was correct that the Contract did not oblige Mr. Foster to make any payment to EquityKey during his lifetime. Mr. Foster's understanding was also correct that he could not be forced from the home. The Contract is clear that EquityKey has no present right to the Property and is entitled to share in any appreciation, if any, only upon sale.

Based on these sparse allegations, Plaintiff asserts claims for (1) Rescission for Fraud; (2) Declaratory Relief; (3) Elder Financial Abuse; (4) Cancellation of Instruments; (5) Quiet Title; (6) Violations of Truth in Lending Act; and (7) Unfair Business Practices under Business & Professions Code Section 17200 et seq. All of Plaintiff's claims fail as a matter of law.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Balistreri,* 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994).

Where a complaint fails to plead sufficient factual matter to state a facially-plausible claim, the complaint should be dismissed. *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Where the face of the Complaint and its incorporated documents demonstrate that amendment would be futile, the Court may grant a motion to dismiss without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## IV. ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION

All of Plaintiff's claims are predicated on the theory that EquityKey misrepresented the nature of the Contract by stating that it was an "option contract" and was "not a loan." According to Plaintiff, the transaction was a loan, and thus was subject to certain required disclosures under TILA. But the statutes of limitation for fraud and for violation of TILA have long since passed. Thus, regardless of how Plaintiff's causes of action are styled, his Complaint must be dismissed in its entirety for failure to state any claim.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**A. Plaintiff's Claim for "Rescission for Fraud" Is Time-Barred**

The statute of limitation for rescission of a contract for fraud is four years. CAL. CIV. PROC. CODE § 337(3). The time begins to run from the date "upon which the facts that entitle the aggrieved party to rescind occurred." *Id.* Plaintiff admits that Mr. Foster entered into the Contract nearly seven years ago, in June 2010. Accordingly, the claim is time-barred.

Plaintiff attempts to salvage his claim by pleading that "it was not until after [Mr. Foster's] death that Plaintiff was able, with the assistance of counsel, to discover the exact nature and terms of the EquityKey agreement." Complaint at ¶ 16. Courts have uniformly rejected this type of allegation, however, as insufficient to invoke the discovery rule and toll the statute of limitation. *See, e.g., Navarez v. Wells Fargo, N.A.,* No. C–12–1660 JCS, 2012 WL 2428233, at *5 (N.D. Cal. June 26, 2012) (applying California law and holding that "the allegation that [plaintiffs] did not understand the terms of the contract they signed, whether due to language or lack of familiarity with the law, does not establish that Plaintiffs could not have learned of their claims through the exercise of due diligence"); *Hague v. Wells Fargo Bank, N.A.,* No. C 11 02366 THE, 2012 WL 1029668, at *5 (N.D.Cal., March 26, 2012) (dismissing as time-barred claims alleging that Wells Fargo misrepresented the terms of a loan; plaintiff could have discovered the alleged fraud through reasonable diligence by examining the loan papers); *Perez v. Wells Fargo Bank, N.A.*, No. C-11-02279 JCS, 2011 WL 3809808, at *17 (N.D. Cal. Aug. 29, 2011) (dismissing fraud claim based on statements made in order to induce Plaintiffs to enter into a loan agreement because any such statements would have been made more than three years before the action was filed.)

The allegation that Plaintiff did not know about his claim until he saw a lawyer does not alter the analysis. *See Davenport v. Litton Loan Servicing, LP,* 725 F.Supp.2d 862, 873 (N.D.Cal.2010) (rejecting equitable tolling argument and dismissing claims where plaintiff failed to explain why she was unable to have loan documents examined by a forensic accountant before expiration of the statute of limitations). Accordingly, Plaintiff's first cause of action must be dismissed. Because it is apparent on the face of the Complaint that it is time-barred and cannot be salvaged by amendment, no leave to amend should be granted.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**B. Plaintiff's Claim for Violations of The Truth in Lending Act Is Time-Barred**

Based on his allegations that EquityKey violated the Truth in Lending Act by failing to provide allegedly-required disclosures, Plaintiff seeks both rescission and damages. The applicable statute of limitation precludes both forms of recovery.

A claim for rescission under TILA is subject to a three year statute of limitation. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). Moreover, section 1635(f) is an absolute limitation on rescission actions." *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986). Indeed, the Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002). Here, Plaintiff pleads that the Contract was entered into in June 2010. The instant lawsuit was not filed until more than six years later. *See Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1198 (N.D. Cal. 2010) (stating that " 'if the borrower files his or her suit over three years from the date of [the transaction's] consummation, a court is powerless to grant rescission.' "). Accordingly, Plaintiff's claim for rescission under TILA must be dismissed without leave to amend.

A claim for damages under TILA is subject to a one-year statute of limitation, which begins to run "from the date of consummation of the transaction." 15 U.S.C. § 1640(e); *see also King*, 784 F.2d at 915. Thus, the claim is time-barred on its face. Once again, Plaintiff attempts to plead around the statute of limitation by alleging that he could not have discovered the true nature of the Contract until he consulted with a lawyer. Once again, however, Plaintiff's attempt is unsuccessful.

Unlike the three-year absolute statute of limitation for rescission claims under TILA, the doctrine of equitable tolling may apply to the one-year damages statute of limitation of damages in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass. *Hensley v. United States,* 531 F.3d 1052, 1057–58 (9th Cir.2008). However, "[t]he doctrine is not available to avoid the consequences of one's own negligence and does not apply when a late filing is due to claimant's failure to exercise

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

due diligence in preserving his legal rights." *Id.* at 1058 (citations omitted). Moreover, ignorance of the law, standing alone, is insufficient to plausibly state a basis for tolling. *Valdez v. America's Wholesale Lender,* No. C09–02778JF, 2009 WL 5114305 *6 (N.D.Cal., Dec.18, 2009) (Fogel, J.). In particular, the allegation that a plaintiff did not understand the terms of the contract he signed does not establish that Plaintiff could not have learned of his claims through the exercise of due diligence. *Finuliar v. BAC Home Loans Servicing, L.P.*, No. C-11-02629 JCS, 2011 WL 4405659, at *8 (N.D. Cal. Sept. 21, 2011). For this reason, courts have repeatedly rejected assertions that a TILA claim is timely because it was not discovered until after the plaintiff consulted counsel. *Id.*; quoting *Motsinger v. Lithia Rose-FT, Inc.*, 211 Or. App. 610, 616–17, 156 P.3d 156, 161 (2007) (A party is "presumed to be familiar with the contents of any document that bears the person's signature."; *see also Perez*, 2011 WL 3809808, at *17 (same). Accordingly, Plaintiff cannot state any claim for violation of TILA and this claim must be dismissed.

**C. Because the Applicable Statutes of Limitation Bar Plaintiff's Fraud and TILA Claims, Plaintiff's Other Claims Fail as Well**

As set forth above, all of Plaintiff's claims depend on the allegations that: (1) EquityKey purposely and fraudulently concealed and misrepresented the true nature of the transaction reflected by the Contract; and (2) EquityKey should have provided disclosures mandated under TILA because the Contract actually constituted a high-cost mortgage. Plaintiff makes no other allegations of wrongdoing against EquityKey in the whole of the Complaint. For example, Plaintiff pleads that the basis for his "Elder Financial Abuse" claim is EquityKey's alleged fraud "by obtaining and retaining an interest in [Mr. Foster's] real property with an intent to defraud." Complaint at ¶ 29. Likewise, his Cancellation of Instruments claim is founded on the allegation that "due to EquityKey's deliberate deception as to the nature of Exhibit A, [Mr. Foster] did not and could not truly understand the nature of the entire transaction, including the fact that title was to be clouded by the imposition of a type of deed of trust[.]" *Id.* at ¶ 31. And, Plaintiff's Unfair Business Practices claim hinges on the allegation that "Defendants' conduct in setting forth the loan terms is likely to deceive the general public," constitutes common law fraud, and violates TILA. *Id.* at ¶ 48. Plaintiff's Declaratory Relief, Cancellation of Instruments, and Quiet Title claims similarly depend on

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

Plaintiff's allegations that EquityKey somehow defrauded Mr. Foster and failed to provide him with TILA disclosures. Accordingly, because both the "rescission for fraud" and "violations of Truth in Lending Act" claims are barred as a matter of law by the applicable statutes of limitation, the remainder of Plaintiff's claims, each of which is predicated solely on Plaintiff's allegations of fraud and TILA violation, fail as well. *See*, *e.g.*, *Giordano v. Wachovia Mortg., FSB,* No. C 10–04661 JF, 2011 WL 1130523, at *3 (N.D.Cal. Mar.25, 2011) (dismissing section 17200 and elder abuse claims as untimely; allegations that lender misrepresented and failed to disclose material terms of mortgage were insufficient to trigger discovery rule where the mortgage terms were disclosed in loan documents that plaintiffs signed, and plaintiff's 17200 claim was founded entirely on allegations from the time-barred elder abuse claim).[1]

## V. ALL OF PLAINTIFF'S CLAIMS FAIL ON SUBSTANTIVE GROUNDS AS WELL

Each of Plaintiff's claims also fails on substantive grounds. Substantively speaking, the entire Complaint turns on whether the Contract constitutes a "loan" covered by TILA. Indeed, the sole basis for Plaintiff's fraud and other claims is the assertion that EquityKey's representation that the Contract was an "option contract" and was "not a loan" is legally false. *See* Complaint at ¶ 1 (summarizing case as "challeng[ing] the fraudulent, deceptive and harmful conduct of Defendant in arranging a disguised loan" "disguised by Defendant as an 'option payment' but [that] was, in reality, a very high interest loan secured by a personal residence that was issued without provision of any of the disclosures and/or counseling that would have, and should have been provided if the EquityKey loan had been properly presented as what it actually was, a high cost mortgage"). Because the applicable law conclusively provides that the Contract is not a loan, all of Plaintiff's claims fail.

---

[1] Of course, here, Plaintiff's elder abuse claim is also barred by that statute's own limitation period. "An action for damages pursuant to Sections 15657.5 and 15657.6 for financial abuse of an elder or dependent adult, as defined in Section 15610.30, shall be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." CAL. WELF. & INST.CODE § 15657.7. Plaintiff's attempt to plead the discovery rule here fails for the same reason it cannot toll the statutes of limitation for fraud or violation of TILA.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

**A. <u>As a Matter of Law, the Contract is not a Loan Covered by TILA and Regulation Z</u>**

The Truth in Lending Act, codified at 15 U.S.C. 1601, *et seq*., and implemented through regulations known as "Regulation Z," applies to each individual or business that offers or extends "credit," if certain other conditions are met (including that the credit be primarily for personal, family, or household purposes, and repayable in four or more installments or subject to a finance charge). 12 CFR § 226.1(e). For purposes of Regulation Z, "credit" means the right to defer payment of debt or to incur debt and defer its payment. 12 CFR § 226.2(a)(14). Regulation Z does not define the term "debt"; however, the Federal Reserve Board's Official Staff Commentary to Regulation Z (the "Commentary"), provides the Board's interpretations as to what types of transactions are not "credit," because there is an absence of "debt." *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980) (unless "demonstrably irrational," Federal Reserve Board staff opinions construing the Truth in Lending Act and Regulation Z are dispositive).

The Commentary provides two express exclusions from the definition of "credit" that are pertinent to the conclusions that EquityKey does not extend credit, as that term is defined by Regulation Z. The Commentary specifically excludes from the definition of "credit": (a) investment plans in which the party extending capital to the consumer risks the loss of the capital advanced; and (b) the execution of option contracts. Commentary, 12 CFR § 226.2(a)(14)-1. The Commentary provides, as an example of an investment plan excluded from the definition of "credit," an arrangement with a home purchaser in which the investor pays a portion of the downpayment and of the periodic mortgage payments in return for an ownership interest in the property, ***and shares in any gain or loss of property value***. *Id.*

The Contract evidences an "investment plan" that is closely analogous to those the Commentary describes. EquityKey extended capital in the form of a single lump-sum payment to Mr. Foster. EquityKey does not have any legal right to recover that capital outlay through payment from Mr. Foster or his heirs. Rather, EquityKey took only an interest in the future appreciation in the value of the Property, if any. If the Property does not appreciate in value after the effective date of the Contract and upon an occurrence that enables EquityKey to participate in the appreciation, or

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

if the Property depreciates in value, EquityKey realizes no benefit from its capital outlay, and actually loses money. Indeed, for EquityKey to benefit at all, the Property must appreciate by more than the amount of EquityKey's initial payment to Mr. Foster.[2] Thus, EquityKey acts only as an investor. Because EquityKey risks the loss of its capital and shares only in any gain or loss of property value, EquityKey's capital outlay is not an extension of "credit" for purposes of TILA and Regulation Z.

In addition, the Contract grants EquityKey an option to participate in the appreciation of the Property on the terms set forth therein. EquityKey is not obligated to so participate. *See* Complaint at Ex. A, ¶ 3 (setting forth the right, but not the obligation, to exercise the Option during the Option Exercise Period). The Commentary to Regulation Z expressly excludes option contracts from the definition of "credit." Commentary, 12 CFR 226.2(a)(14)-1. Option contracts are those in which a contract is made to keep an offer open for a specified period, so that the offeror cannot revoke the offer during that period. *See Black's Law Dictionary, Second Pocket Edition*, page 504. In return for the capital payment EquityKey made to Mr. Foster, Mr. Foster granted EquityKey the irrevocable right to participate in the appreciation of the Property after certain events, though EquityKey is not obligated to do so. Therefore, the Contract is an "option contract" of the nature the Board excluded from coverage because such contracts do not evidence the extension of credit.

Nor is EquityKey a "creditor" as defined in 15 U.S.C. § 1602(g). As discussed above, a "creditor" for purposes of TILA/Regulation Z is:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement ***in more than four installments or for which the payment of a finance charge is or may be required***, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.

[2] The time value of money must also be considered. If, for example, the Property appreciates over the course of several years in only the approximate amount of EquityKey's initial outlay, then even though EquityKey will recover its initial investment, it has nevertheless lost money because it was unable to benefit from the use of that money over the course of those years.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

15 U.S.C. § 1602 (emphasis added). As evidenced by the Contract itself and Plaintiff's own allegations, EquityKey would receive payment only in the event of actual appreciation of the Property, and then would receive only a single payment upon the sale of the Property. The Contract does not provide for any finance charge. Accordingly, the Contract is not subject to TILA or Regulation Z because it does not evidence a credit transaction, and EquityKey is not a creditor.

**B. <u>EquityKey Provided Disclosures Consistent with TILA Requirements</u>**

Even if TILA were somehow applicable to the Contract (by law, it is not), the face of the Contract itself establishes that EquityKey complied with all applicable disclosure guidelines thereunder. In 2010, the required TILA disclosures included, to the extent applicable: (1) the identity of the creditor; (2) the amount financed; (3) itemization of the amount financed; (4) finance charge; (5) annual percentage rate; (6) variable rate feature; (7) schedule of payments; (8) total of payments; (9) demand feature; (10) total sales price; (11) prepayment feature; (12) late payment terms; (13) security interest; (14) insurance and debt cancellation; (15) contract reference statement; (16) assumption policy; and (17) required deposit. *See* 12 CFR § 226.18 (effective to October 24, 2010).

Due to the nature of the transaction as reflected in the Contract, most of the listed disclosures are inapplicable. For example, EquityKey could not have disclosed any "annual percentage rate" because it did not have a crystal ball—at the time of the transaction, it was impossible for EquityKey to determine whether the Property would appreciate at all, or by how much. EquityKey also did not and could not have known when the Option Exercise Period would occur. Nevertheless, EquityKey did provide a detailed analysis of how the appreciation would be calculated, and included a simple formula and a sample calculation designed to demonstrate the amount to which it would become entitled if the Property had appreciated during the Option Exercise Period. EquityKey also included a simple and clear description of the transaction, written in layman's terms, and disclosed all of the required information, to the extent applicable. Accordingly, by his own attachment and incorporation of the Contract to the face of the Complaint, Plaintiff has demonstrated that even if TILA disclosures were required, EquityKey complied to the extent possible.

EISNER JAFFE
9601 WILSHIRE BOULEVARD, SUITE 700
BEVERLY HILLS, CALIFORNIA 90210
TEL (310) 855-3200 – FAX (310) 855-3201

### C. Because Plaintiff's TILA Claim Fails Substantively, Plaintiff Cannot Plead Any of His Other Claims

As set forth above, the only wrongdoing Plaintiff alleges against EquityKey is that EquityKey falsely characterized the Contract as an "option contract" and "not a loan," and had EquityKey correctly characterized the transaction, it would have been required to provide TILA disclosures. Because applicable law conclusively demonstrates that the Contract is ***not*** a loan covered by the TILA disclosure requirements, as a matter of law, there is no fraud in the alleged representations by EquityKey. Accordingly, there is also no elder abuse and no unfair competition, and thus no basis for Plaintiff's cancellation of instruments, quiet title, or declaratory relief claims. The entire Complaint must therefore be dismissed.

## VI. CONCLUSION

For these reasons, EquityKey's Motion should be granted in its entirety, and without leave to amend.

Dated: January 13, 2017

Respectfully submitted,
EISNER JAFFE

By: /s/ Sarah F. Powers
Sarah F. Powers
Attorneys for Defendant
EQUITYKEY REAL ESTATE INVESTMENTS L.P.